IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TRAVIS L. BOLEY,

                              Plaintiff,

v.                                               ORDER

                                                                           14-cv-263-jdp[1]

SOCIAL SECURITY ADMINISTRATION
OF MADISON, WI,

                              Defendant.

---

       Pro se plaintiff Travis L. Boley has filed this proposed action naming the "Social Security Administration of Madison, WI" as defendant. The court has already concluded that plaintiff may proceed without prepaying any portion of the filing fee for this action. The next step in this case is for the court to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2).

       In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). However, even under this standard, plaintiff's allegations are insufficient. His one-sentence statement of his cause of action is mostly illegible, and he leaves the "request for relief" section of the complaint form blank.

       To properly state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A court will accept the factual allegations in the complaint as true, but they must give "'fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). At present, I cannot tell what type of claim

---

[1] This case was reassigned to me pursuant to a May 16, 2014 administrative order. Dkt. 5.

plaintiff is attempting to allege because he does not explain how he believes he has been harmed by the Social Security Administration. Perhaps he is attempting to appeal the denial of Social Security benefits, but if so, he does not explain what types of benefits he applied for or whether he has appealed the initial denial of benefits through the administration's own procedures. *See* 42 U.S.C. § 405(g) (federal courts may generally only review "final decision[s] of the Commissioner of Social Security").

Because plaintiff's complaint does not properly state a claim under Rule 8, I will dismiss the complaint and give plaintiff a chance to submit an amended complaint providing an explanation of how defendant has harmed him and what relief he seeks from this court.

ORDER

IT IS ORDERED that plaintiff Travis L. Boley's complaint is DISMISSED for failing to comply with Federal Rule of Civil Procedure 8. Plaintiff may have until October 9, 2014 to submit an amended complaint explaining the basis for his claims. Failure to submit an amended complaint by this deadline will result in dismissal of the case.

Entered this 18th day of September, 2014.

BY THE COURT:

/s/
JAMES D. PETERSON
District Judge